When defendant takes property through eminent domain, it takes in fee simple absolute and extinguishes all easements (*see Matter of Ossining Urban Renewal Agency v Lord*, 39 NY2d 628, 630-631 [1976]; *Matter of County of Nassau [Grace Natl. Bank]*, 256 App Div 1094, 1095 [1939]). Under the NY Constitution, land designated as part of defendant's forest preserve, like lot 120, cannot be sold or encumbered with an easement (*see* NY Const, art XIV, § 1). Plaintiff contends that easements by implication or necessity arise not prior to or subsequent to the severance of unity of title, but at the exact moment of such severance (*see Minogue v Monette*, 158 AD2d 843, 844 [1990]), so the current law does not preclude such easements over state land. It seems anomalous that the law would extinguish existing easements, even those granted by deed, and precludes defendant from creating easements after acquisition, but would provide for easements that arise or spring into existence at the moment the property is appropriated. Such a proposition would unduly encumber state land and inhibit defendant's free use of such land for the purposes for which it was acquired. While landowners may be deprived of the ordinary use of their land by state appropriations which cut off access to their property, such landowners are not without a remedy. The Court of Appeals has held that landowners are entitled to compensation representing the value of the appropriated portion of the parcel and the decrease in value to their remaining land due to the deprivation of a reasonable means of gaining access to that remaining land (*see Pollak v State of New York*, 41 NY2d 909, 910-911 [1977]; *Kravec v State of New York*, 40 NY2d 1060, 1061-1062 [1976]; *Wolfe v State of New York*, 22 NY2d 292, 295-296 [1968]; *see also* EDPL art 5). In this case, it appears that neither Racquette Falls Land Company nor any of plaintiff's other predecessors in interest sought compensation from defendant for the deprivation of reasonable access, and the time within which to do so has presumably long since run (*see* EDPL 503). Because RPAPL article 15 judgments must declare the rights of the parties, we modify the judgment accordingly (*see* RPAPL 1521 [1]; *Astwood v Bachinsky, supra* at 950-951).

Peters, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by declaring that plaintiff is not entitled to an easement by implication or an easement by necessity over land owned by defendant and plaintiff and its successors in interest are forever barred from asserting such claims in the future; and, as so modified, affirmed.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Peti-

tioner; GARY L. JOHANSEN, Respondent. [796 NYS2d 556]—Per Curiam. Respondent, who was admitted to practice by this Court in 1987, was suspended by this Court's order dated June 15, 2000 for failure to comply with the attorney registration requirements of Judiciary Law § 468-a (273 AD2d 600 [2000]).

Respondent now requests reinstatement on the ground that he has complied with the attorney registration requirements of Judiciary Law § 468-a and the Rules of the Chief Administrator of the Courts (see 22 NYCRR part 118). Petitioner does not object to respondent's application.

Respondent's application is granted and he is ordered reinstated, effective immediately.

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that respondent's application is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; PAUL R. SCHUBERT, Respondent. [796 NYS2d 557]—Per Curiam. Respondent, who was admitted to practice by this Court in 1987, was suspended by this Court's order dated June 15, 2000 for failure to comply with the attorney registration requirements of Judiciary Law § 468-a (273 AD2d 600 [2000]).

Respondent now requests reinstatement on the ground that he has complied with the attorney registration requirements of Judiciary Law § 468-a and the Rules of the Chief Administrator of the Courts (see 22 NYCRR part 118). Petitioner does not object to respondent's application.

Respondent's application is granted and he is ordered reinstated, effective immediately.

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that respondent's application is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; MICHELE HERVIEUX-OSGOOD, Respondent. [796 NYS2d 557]—Per Curiam. Respondent, who was admitted to practice by this Court in 1992, was suspended by this Court's order dated June 7, 1999 for failure to comply with the attorney registration requirements of Judiciary Law § 468-a (262 AD2d 702 [1999]).

Respondent now requests reinstatement on the ground that she has complied with the attorney registration requirements of